UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In re NEW YORK STATE MARINE HIGHWAY
TRANSPORTATION, LLC, as owner of the   1:19-CV-1411
vessel the *Frances*,

         Petitioner.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:         OF COUNSEL:

DENLEA & CARTON LLP      JEFFREY I. CARTON, ESQ.
Attorneys for Petitioner
2 Westchester Park Drive, Suite 410
White Plains, New York 10604

DAVID N. HURD
United States District Judge

# MEMORANDUM–DECISION and ORDER

Petitioner New York State Marine Highway Transportation, LLC ("Marine Highway" or "petitioner") owns the tow barge the *Frances*. On September 16, 2017, the *Frances* was towing two barges down the Hudson river to Troy, New York. At 11 a.m., one of those two barges broke loose from the cables tying her to the tow ship, and she crashed into Pier #6 of the Route 2 Bridge ("Pier #6") in Watervliet, New York. The *Frances*' crew reconnected the barge to the tow ship, and the three ships uneventfully completed their voyage to Troy Wall. The *Frances* and her two barges remain in Troy, New York today.

The *Frances* is currently valued at $360,000.00. Dkt. 1-1, p. 2. Discounting her value for Marine Highway's incomplete ownership, her value to Marine Highway is $285,000.00. *See* Dkt. 1-5, p. 2. Each of the two barges she was towing on September 16, 2017, is currently valued at $200,000.00. Dkt. 1-2, ¶¶ 7-8. Thus, the total value of the *Frances* and her cargo was $685,000.00.

On December 20, 2018, the New York State Department of Transportation ("NYSDOT") sent Marine Highway a letter demanding $563.639.93 in damages for the damage caused to Pier #6.

On May 13, 2019, NYSDOT informed Marine Highway that it had assessed an eighteen percent interest rate on its claim for the damages it alleged that petitioner owed for the damage to Pier #6, increasing its claim to $581,429.33. In addition, it asserted that it would be turning over its claims against petitioner to a collections agency and that it would seek to recover a twenty-two percent collection fee with interest. Faced with a claim that it now believed would exceed the value of its ship and her cargo, petitioner brought this claim for exoneration from fault or limitation of liability on November 14, 2019.

Under Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule") F and 46 U.S.C. § 30511 ("§ 30511"), an owner of a vessel may bring a civil action before a district court of the United States for limitation of liability. That action allows an owner of a vessel to attain exoneration from or limitation of liability for "damages caused by the negligence of [its] captain or crew." *In re Petition of Germain*, 824 F.3d 258, 264 (2d Cir. 2016).

Numerous claims for damages involving ships are subject to limitation, including "any loss, damage, or injury by collision" with a vessel subject to maritime or admiralty jurisdiction. *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 244 (2d Cir. 2014) (citing 46 U.S.C. § 30505(b)). A claim is subject to admiralty jurisdiction where: (1) the tort occurred on navigable water or was caused by a vessel on navigable water; and (2) the general type of incident involved has a potentially disruptive effect on maritime commerce and bears a substantial relationship to traditional maritime activity. *Tandon*, 752 F.3d at 248.

To properly file an action for limitation, an owner must deposit a security with the court "equal to the value of the owner's interest in the vessel and pending freight," and an additional security for costs the court deems necessary for it to carry out § 30511. 46 U.S.C. § 30511(b)(1). Rule F(f)(1) of the Northern District of New York's Local Rules of Procedure for Admiralty and Maritime Cases sets $1,000.00 as the security for costs.

Once a petitioner has established that they are both entitled to a limitation action and have posted an approved security, all claims and proceedings against the vessel's owner must cease. 46 U.S.C. § 30511(c). The court shall then issue notice to all persons having asserted a claim against the owner. Rule F(4). The court shall also publish the existence of the action in a newspaper for four consecutive weeks prior to the date fixed for claimants to submit claims. *Id.* Claimants against petitioner may either submit a claim or, should they wish to contest the appropriateness of an action for limitation entirely, file an answer to the complaint until the deadline imposed by the court. Rule F(5).

This Court is satisfied that this action involves a claim for a collision caused by a vessel occurring in navigable waters. *Tandon*, 752 F.3d at 248. Similarly, towing barges downriver constitutes maritime commerce and bears a substantial relationship to traditional maritime activity. *Id.* Thus, this claim is one contemplated by § 30511.

Marine Highway has declared its intent to submit through the insurance company Travelers $685,000.00 as a security. This number constitutes petitioner's estimation of the value of its ownership of the *Frances* and her two barges. In addition, petitioner allows for an interest rate of six percent and the requisite $1,000.00 security for costs. This Court agrees with petitioner that this total amount of $686,000.00 reflects the accurate value of the *Frances* and the barges, augmented by the $1,000.00 security for costs. Thus, petitioner's proposed

3

security with interest is approved. Petitioner's action for limitation of damages is thus facially proper and shall be permitted pending NYSDOT's claim or response.

Therefore, it is

ORDERED that

1. Maritime Highway's proposed bond of $686,000.00 through a letter of undertaking by Travelers is approved;

2. Maritime Highway is directed to post the $686,000.00 through Travelers;

3. Maritime Highway must submit proof of bond with the Clerk of Court no later than 12:00 p.m. Monday, December 2, 2019;

4. All civil actions against Maritime Highway related to the September 16, 2017 crash must cease;

5. Maritime Highway is directed to serve notice of this action to claimant NYSDOT;

6. Claimant NYSDOT is directed to assert a claim against Maritime Highway or contest petitioner's right to limitation or exoneration by 12:00 p.m. on Monday, December 23, 2019;

7. Pursuant to Local Rule of the Northern District of New York 77.5 and Supplemental Local Rule of Procedure for Admiralty and Maritime Cases G(g)(1), Maritime Highway is directed to publish notice of this action for limitation or exoneration the Times Record of Troy, New York every Friday, beginning November 29, 2019, and continuing until December 20, 2019; and

8. Pursuant to Rule F(4), Maritime Highway is directed to mail a copy of that notice to every known claimant by Friday, December 6, 2019.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated: November 21, 2019
       Utica, New York.