UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NEW YORK STATE MARINE HIGHWAY
TRANSPORTATION, LLC, as owner of the
vessel *Frances*,

                        Petitioner,

              -v-                                          1:19-CV-1411

NEW YORK STATE DEPARTMENT OF
TRANSPORTATION,

                        Claimant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


APPEARANCES:                              OF COUNSEL:

DENLEA & CARTON LLP                       JEFFREY I. CARTON, ESQ.
Attorneys for Petitioner
2 Westchester Park Drive, Suite 410
White Plains, New York 10604

HON. LETITIA JAMES                        CHRISTOPHER J. HUMMEL, ESQ.
Attorney General for the State of New York   Ass't Attorney General
Attorneys for Claimant
The Capitol
Albany, New York 12224

DAVID N. HURD
United States District Judge


## MEMORANDUM–DECISION and ORDER

### I.    INTRODUCTION AND BACKGROUND

Petitioner New York State Marine Highway Transportation, LLC ("Marine Highway" or

"Petitioner") owns the tow barge the *Frances*.  On September 16, 2017, that ship was towing

two barges down the Hudson river in Troy, New York.  At 11:00 a.m., one of the barges broke

loose from the cables tying her to the tow ship.  Unmoored from the *Frances*, she crashed

into Pier #6 of the Route 2 Bridge ("Pier #6) in Watervliet, New York.  The *Frances* and her

two barges remain in Troy, New York today.

On December 20, 2018, the New York State Department of Transportation ("NYSDOT"

According to Marine Highway, the total value of the *Frances* and her cargo was

$685,000.  To calculate that number, petitioner discounted the $360,000 value of the ship to

$285,000 to reflect that petitioner does not entirely own her.  Additionally, petitioner contends

that each of the two barges she was towing on September 16, 2017, is currently valued at

$200,000.

On December 20, 2018, the New York State Department of Transportation ("NYSDOT"

or "claimant") sent Marine Highway a letter demanding $563,639.93 for the damages caused

to Pier #6.  Despite the scant difference of roughly $120,000 between the value of the

*Frances* and claimant's demand, petitioner assumed that the damages in this action would

not exceed the value of the *Frances*.

On May 13, 2019, NYSDOT informed Marine Highway that it had assessed an

eighteen percent interest rate on its claim for the damage to Pier #6, increasing its claim to

$581,429.33.  In addition, claimant asserted that it would seek to recover a twenty-two

percent collection fee—which would also include interest—and that it would be turning over

its claims against petitioner to a collections agency.  Despite claimant's ever-growing

damages claim, petitioner did not file the present complaint for exoneration from or limitation

of liability until November 14, 2019.

On November 21, 2019, this Court issued a Memorandum-Decision and Order

allowing Marine Highway's claim to proceed.  Petitioner was ordered to comply with the

notice requirements for a claim for exoneration from fault or limitation of liability.  Those

notice requirements included posting notice in the Times Record newspaper of Troy, New

York every Friday from November 29, 2019 until December 20, 2019.  Petitioner was also

directed to mail a copy of the notice to every known claimant by Friday, December 6, 2019.

Petitioner complied with these orders, but did not serve NYSDOT with the complaint until

January 6, 2020.  Finally, on March 9, 2020, claimant moved to dismiss the complaint under

Federal Rule of Civil Procedure ("Rule") 12(b)(6).  That motion having been fully briefed, it will

now be decided on the basis of the parties' submissions without oral argument.

## II.    **LEGAL STANDARD**

"To survive a Rule 12(b)(6) motion to dismiss, the '[f]actual allegations must be enough

to raise a right to relief above the speculative level.'"  *Ginsburg v. City of Ithaca*, 839 F. Supp.

2d 537, 540 (N.D.N.Y. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Instead, the complaint must contain sufficient factual matter that it presents a claim to relief

that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In assessing the plausibility of the plaintiff's complaint, "the complaint is to be

construed liberally, and all reasonable inferences must be drawn in the plaintiff's favor."

*Ginsburg*, 839 F. Supp. 2d at 540.  The complaint may be supported by "any written

instrument attached to it as an exhibit, materials incorporated in it by reference, and

documents that, although not incorporated by reference, are 'integral' to the complaint."  *L-7*

*Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (citing *Sira v. Morton*, 380

F.3d 57, 67 (2d Cir. 2004)).

## III.   **DISCUSSION**

Under Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture

Actions ("Rule") F and 46 U.S.C. § 30511 ("§ 30511"), an owner of a vessel may bring a civil

action before a district court of the United States for limitation of liability for "damages caused

by the negligence of [its] captain or crew."  *In re Germain*, 824 F.3d 258, 264 (2d Cir. 2016).

An action for limitation of damages, if properly brought, serves to cap the amount of damages

for which a ship owner is liable at the value of the ship herself.  *See id.*  Numerous types of claims for damages involving ships are subject to limitation, including "any loss, damage, or injury by collision" with a vessel subject to maritime jurisdiction.  *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 244 (2d Cir. 2014).

As an initial matter, NYSDOT's motion comes more than two months after the December 23, 2019 deadline imposed in the Court's initial Memorandum-Decision and Order. Typically, a failure to timely file a claim under—or an opposition to the existence of—a complaint for exoneration or limitation results in a default.  *See, e.g.*, *In re Columbia Leasing L.L.C.*, 981 F. Supp. 2d 490, 495 (E.D. Va. 2013) (finding defendant in default for failing to state a claim by its imposed deadline).

However, "the court can grant an extension whenever an examination of all the relevant facts shows that it will serve the ends of justice.  Specifically, a showing that no party will be prejudiced by permitting an extension, even with a weak showing of excusable neglect, is sufficient."  *In re Tappan Zee Constructors, LLC*, 2018 WL 1183711, at *2 (N.D.N.Y. Mar. 6, 2018) (citing *Petition of World Tradeways Shipping, Ltd.*, 1967 A.M.C. 381, 382 (S.D.N.Y. 1966)).  In other words, "so long as the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected, the court will freely grant permission to file late claims . . . ."  *In re Tappan Zee*, 2018 WL 1183711, at *2 (citing *Sagastume v. Lampsis Nav. Ltd., Drosia*, 579 F.2d 222, 224 (2d Cir. 1978)).

NYSDOT's showing of excusable neglect is certainly weak.  After all, Marine Highway duly mailed claimant notice of its exoneration or limitation claim on November 18, 2019. However, claimant's neglect is not entirely without excuse.  After all, petitioner failed to serve claimant until January 6, 2020, weeks after the deadline for claimant to either assert a claim or move to dismiss.  Additionally, petitioner has never moved for default judgment against

4

claimant even three months after the end of claimant's deadline.  In fact, petitioner has not even argued that claimant's motion is untimely.  Thus, the claim for limitation is undetermined, and petitioner has not demonstrated any prejudice it would suffer from considering claimant's motion.[1]  The motion will therefore be considered.  *See Sagastume*, 579 F.2d at 224.

Ironically, NYSDOT argues primarily that Marine Highway's claim for limitation of liability was not timely.  Petitioner counters with three arguments of its own:  (1) its claim was timely filed; (2) even if it were not timely filed, the statute of limitations for its limitation or exoneration claim should be tolled; and (3) dismissing the claim would in any case be wasteful, because petitioner would still be entitled to raise a defense of a limitation of liability.

In general, an action for limitation of liability or exoneration is subject to a six-month statute of limitations so as to encourage a ship's owner to act promptly.  *Complaint of Morania Barge No. 190, Inc.*, 690 F.2d 32, 33-34 (2d Cir. 1982).  That six-month clock begins to tick once a petitioner is presented with sufficient notice of a claim that is likely to exceed the value of the ship.  *Id.*  The standard of notice is "broad and flexible," but carries three requirements.  *Doxsee Sea Clam Co., Inc. v. Brown*, 13 F.3d 550, 554 (2d Cir. 1994). Namely, a notice must:  (1) inform the vessel owner of an actual or potential claim; (2) which may exceed the value of the vessel; and (3) is subject to limitation.  *Id.* (citing *Morania Barge*, 690 F.2d at 34; *In Re Allen N. Spooner & Sons, Inc.*, 253 F.2d 584, 586 (2d Cir. 1958); *In re Spearin, Preston & Burrows, Inc.*, 190 F.2d 684, 686 (2d Cir. 1951)).

As to the first point, the Second Circuit has held that a simple letter advising of the existence of a claim for damages is sufficient to put a petitioner on notice of a potential claim. *Doxsee*, 13 F.3d at 554.  Second, notice is sufficient as to the potential for the claim to

---

[1] See footnote 4.

5

exceed the value of the vessel if there is a "reasonable possibility that the claims would exceed the value of the ship." *Morania Barge*, 690 F.2d at 34.

First, there can be little doubt that the December 20, 2018 letter provided Marine Highway sufficient notice of a claim that was likely to exceed the value of the *Frances*. On that date NYSDOT demanded $563,639.93 for the damage to Pier #6. The letter sufficiently alerted petitioner to a claim involving an allision by its vessel in navigable waters, which would thus be subject to Rule F and § 30511. *Tandon*, 752 F.3d at 244. Petitioner thus had notice of a potential claim on that date.

The only question remaining is thus whether the letter put Marine Highway on sufficient notice that NYSDOT's claim would exceed the *Frances*'s value. Answering that question requires balancing two decisions by the Second Circuit: *Morania Barge*, 690 F.2d at 34; and *Doxsee*, 13 F.3d at 554.

In *Morania Barge*, the Second Circuit found that a complaint brought in federal court that assessed damages of $366,563.94, reflecting $116,563.94 for replacing products and repairing the damage caused by the allision and $250,000.00 for loss of business and harm to reputation did not provide sufficient notice that a claim would exceed the $478,093.75 value of the vessel in question. 690 F.3d at 34-35. In *Doxsee*, by contrast, the Second Circuit held that a letter which appended $110,000 in itemized medical bills and demanded payment provided sufficient notice of a claim that could exceed the $350,000 value of the vessel in that case. 13 F.3d at 554.

At first glance, *Morania Barge* may seem like the closer fit. After all, that case and this one both involve property damage caused by a collision with a vessel, an assessment of damages roughly $100,000 below the value of the vessel, and an absence of any other claimants seeking recovery. 690 F.3d at 34-35.

6

However, upon closer scrutiny the comparison falls apart.  The notice that the *Morania Barge* Court ruled to be insufficient was a full civil complaint assessing damages below the $478,093.75 value of the barge.  *Id.* at 33.  In particular, the Second Circuit noted that "the great majority of claimants tend to overstate the amount of their claims and that it is a rare instance when a claimant fails to anticipate all damages."  *Id.* at 34.  In other words, essential to that decision was the fact that litigation had already begun, and that the claim was unlikely to see a subsequent increase in damages after a fully-formed complaint.[2]  *Id.*

The December 20, 2018 letter was not in nearly so complete a state.  Rather than asserting a claim for a set amount of damages before a court, NYSDOT only informed Marine Highway the expense of repairing Pier #6 and made an initial demand for payment accordingly.  Costs for claims routinely increase as the temporal distance from the accident increases without redress, and thus petitioner can hardly complain that there was not a reasonable possibility of a less than 20% increase in the cost of the claim over a six-month period.

Marine Highway attempts to similarly distinguish *Doxsee* by pointing out that it involved personal injury and medical expenses, the costs of which are subject to much more variation than structural damage to property.  *See* 13 F.3d at 554.  That may be true, but the *Doxsee* court did not state at any point that its decision relied on the relatively unfixed nature of a personal injury claim.  *See id.* at 554-55.  Instead, the Second Circuit simply pointed out that the medical bills provided sufficient notice.  *Id.*

Therefore, upon review of the two apparently clashing cases, *Doxsee* is the more apt for the circumstances presented in this case, because both that case and this one involve an

---

[2] This stance is somewhat strange considering that the *Morania Barge* claimant had subsequently increased the amount of its claim to $2,500,000.  *Morania Barge*, 690 F.2d at 35.  However, the Second Circuit's point is well-taken; any subsequent and drastic increase in the amount of damages a plaintiff seeks would come as a surprise and would not be reasonably foreseeable.  *Id.*

initial notice of liability well in advance of the complaint that still could see a great deal of

variation before emerging as a final complaint.  Especially salient is the broad standard of

reasonable possibility.  *Doxsee*, 13 F.3d at 554.  That it need only be reasonably possible,

not even probable, for the value of a claim to exceed that of the vessel suggests that notice

should be read broadly.  *Id.*  A broad reading of notice further counsels in favor of following

*Doxsee* at the expense of *Morania Barge*.

Marine Highway also tries to dispute that the December 20, 2018 letter afforded it

proper notice by arguing that NYSDOT's attempt to recover interest and collection fees after

petitioner's extended refusal to pay should not be considered in the amount of the claim.  For

this proposition, petitioner relies on the absence of any mention of interest payments or

collection fees among the claims subject to limitation under 46 U.S.C. § 30505(b).[3]

Marine Highway's argument strains logic well past its breaking point.  Of course, if

NYSDOT were bringing a claim seeking interest payments or collection fees incurred in the

absence of any anchor binding its claim to the *Frances*, that claim would not be subject to

limitation.  But petitioner will struggle to make the argument that the interest payments and

collection fees claimant is seeking did not "aris[e] from [a] loss, damage, or injury by collision"

involving the *Frances.*   46 U.S.C. § 30505(b).  After all, if the barge had not crashed into Pier

#6, claimant would not have incurred the interest payments or collection fees it now seeks.

---

[3] Claimant seems to read petitioner's response as arguing that claimant is not permitted to recover interest and costs (in this case collection fees) under petitioner's claim for limitation of liability.  The Court does not read petitioner's response to go that far.  Instead, it seems that petitioner is only trying to argue that those expenses should not be considered reasonably foreseeable in light of 46 U.S.C.§ 30505(b).  To the extent that petitioner does make that argument, however, claimant correctly notes that prejudgment interest is recoverable in admiralty cases involving property damage, as well as attorney's fees and costs in cases involving bad faith by the losing party. *See, e.g.*, *In re City of New York*, 332 F.2d 1006, 1007 (2d Cir. 1964) ("It has long been held proper for admiralty courts fully to restore the injured party to [its] condition at the time of injury by allowing and fixing prejudgment interest from the date of the loss in proceedings involving property damage."); *see also Ingersoll Milling Mach. Co. v. M/V Bodena*, 829 F.2d 293, 309 (2d Cir. 1987) ("[T]he general rule is that the award of fees and expenses in admiralty actions is discretionary with the district judge upon finding of bad faith.").

Petitioner therefore cannot dispute that these expenses are contemplated by a limitation of damages action.

In summary, it is plain from the face of the complaint that Marine Highway's statute of limitations began to run on December 20, 2018, and has now run out. Nevertheless, petitioner argues that its statute of limitations should be equitably tolled.

"Statutes of limitations are generally subject to equitable tolling where necessary to prevent unfairness to a plaintiff who is not at fault for [its] lateness in filing." *Veltri v. Building Serv. 32B-J Pension Fund*, 393 F.3d 318, 322 (2d Cir. 2004). However, equitable tolling is an extraordinary measure that only comes into play to protect a plaintiff who is prevented from filing a claim despite exercising a "level of diligence which could reasonably be expected in the circumstances." *Id.* Courts have applied equitable tolling in three fact patterns: (1) a plaintiff's filing defective papers before the statutory period has run; (2) a defendant's deceit that induced plaintiff's late filing; and (3) a plaintiff being prevented from learning of its cause of action within the statutory period. *Id.* at 322-23.

In the specific context of a cause of action for limitation of liability under § 30505, Judge Learned Hand once noted that there may be a unique circumstance allowing for equitable tolling. *Spooner*, 253 F.2d at 586-87 (Hand, J. concurring); *see Morania Barge*, 690 F.2d at 34 (citing Judge Hand's *Spooner* concurrence approvingly). Namely, when a claimant's position as to whether it will bring a claim is "equivocal," and a petitioner has asked it to clearly announce whether it will sue or not, the statute of limitations does not begin to run until the claimant announces a clear intention to sue. *Spooner*, 253 F.2d at 586-87.

Marine Highway argues that it responded to NYSDOT's December 20, 2018 letter with a request for supporting documentation so that it could conduct its own investigation into the allision, which claimant never provided. Thus, petitioner argues that *Spooner* requires that its

statute of limitations should be tolled.  *Spooner*, 253 F.2d at 586-87.  But *Spooner* cannot stretch far enough to cover petitioner.  *Id.*

The *Spooner* exception to tolling was designed to ensure that a petitioner did not engage in the expense and risk of beginning a limitation action when a claimant was not clear that it would sue at all.  *Spooner*, 253 F.2d at 586-87.  There was never any doubt that NYSDOT intended to recover the money spent rebuilding Pier #6, and no matter the sincerity of Marine Highway's inquiries into the resulting damage, those inquiries did not address whether claimant would ever bring a lawsuit.  Therefore, the *Spooner* exception cannot apply.  *Id.*  In the absence of any other basis to toll petitioner's statute of limitations, petitioner's limitation of liability claim must be dismissed.[4]

Finally, because petitioner's statute of limitations to bring a claim for limitation of liability has run out, any amendment to the complaint or any subsequent complaint for limitation of liability would be futile.  *See, e.g.*, *Rivera v. Governor of N.Y.*, 92 F. App'x 25, 26 (2d Cir. 2004) (summary order) (approving dismissal with prejudice because amending complaint would be futile).  Therefore, the complaint is dismissed with prejudice.

## IV.   CONCLUSION

Marine Highway's response to NYSDOT's claim for the damage the *Frances* caused to Pier #6 has long been one of delay.  That delay now costs petitioner its claim for limitation of liability.  Petitioner nevertheless asks this Court to forgive its tardiness by tolling its statute of limitations, but petitioner can hardly expect the Court to do so when the entire litigation has been accompanied by the sound of its dragging feet.  Indeed, even assuming that the May

---

[4] To the extent that petitioner argues that dismissing the claim would be wasteful because it can still raise limitation of liability as an affirmative defense against any future claims by claimant, that is a prudential argument that does not provide a meaningful basis to keep its limitation of liability claim alive.  In any event, the same logic would apply with equal force to any limitation of liability claim dismissed because of the statute of limitations.  Thus, petitioner's argument cannot provide a basis to maintain this particular claim that would not demolish the efficacy of the statute of limitations for every claim.

13, 2019, rather than the December 20, 2018, letter began petitioner's statute of limitations, it still waited until—at best, assuming that it did not receive the May 13, 2019 notice the day it was dated—the last possible moment to file a limitation action against a complaint that they knew was coming since at least the previous December.  Petitioner's sluggishness must have consequences, and thus claimant and petitioner must settle their account through traditional litigation.

Therefore, it is

ORDERED THAT

1.  Claimant New York State Department of Transportation's Dkt. 6 motion to dismiss is GRANTED; and

2.  Petitioner New York State Marine Highway Transportation, LLC's complaint for exoneration from or limitation of liability is DISMISSED.

The Clerk of Court is directed to enter judgment accordingly and close the case.

IT IS SO ORDERED.

Dated:  May 12, 2020
        Utica, New York.

David N. Hurd
U.S. District Judge